SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
JAMES C. SHAH
NATALIE FINKELMAN BENNETT
475 White Horse Pike
Collingswood, NJ  08107
Telephone: 856/858-1770
Facsimile: 866/300-7367
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

*Attorneys for Plaintiff, Gina Priano-Keyser,*
*On Behalf of Herself and*
*All Others Similarly Situated*

(Additional Counsel on Signature Page)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA PRIANO-KEYSER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No.  2:19-cv-09162<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Gina Priano-Keyser ("Plaintiff") and Defendant Apple, Inc. ("Apple" or "Defendant") (collectively, the "Parties"), by and through their undersigned counsel, jointly submit the following case management and Fed. R. Civ. P. 26(f) Report.

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107-1909
Telephone: (856) 858-1770
Facsimile: (856) 300-7367
Email: jshah@sfmslaw.com
        nfinkelman@sfmslaw.com

John F. Edgar
Brendan M. McNeal
EDGAR LAW FIRM LLC
2600 Grand Boulevard
Suite 440
Kansas City, MO  64108
Telephone:  (816) 531-0033
Email:  jfe@edgarlawfirm.com
        bmm@edgarlawfirm.com

*Attorneys for Plaintiff,*

Allison M. Brown (Bar No. 44992012)
Richard Heaslip (Bar No. 140052015)
WEIL, GOSTHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Tel: (609) 986-1100
Email:  allison.brown@weil.com
        Richard.heaslip@weil.com

David R. Singh  (admitted *pro hac vice*)
Hong-An N. Tran (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel: (650) 802-3000
Email: david.singh@weil.com
        an.tran@weil.com

*Attorneys for Defendant*

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff, a New Jersey citizen, asserts that Defendant's watches, First Generation ("Series 0"), Second Generation ("Series 1" and "Series 2"), and Third Generation ("Series 3") (collectively, the "Watches") contain a common defect, which causes the screens on the Watches to crack, shatter, or detach from the body of the Watches (the "Defect"), through no fault of the wearer, oftentimes only days or weeks after purchase. The Complaint further alleges that Apple, as in the case of Plaintiff, routinely fails to repair the Watches under the terms of its Limited Warranty even when the Watch is presented within the period of the Limited Warranty. Plaintiff and the class assert claims for violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, and for breach of its express warranty and Plaintiff has standing to assert her claims for damages and injunctive relief. Plaintiff seeks to represent a New Jersey class of consumers.

Defendant maintains that Plaintiff's complaint is an attempted end-run around an order from the Northern District of California dismissing an action filed by the same plaintiff counsel and based on the same allegations. *See Sciacca v. Apple, Inc.*, Case No. 18-CV-03312-LHK (N.D. Cal.), Dkt. 28, 56. Despite her second bite at the apple, Defendant denies that Plaintiff can state or prove any of her claims. Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim fails to allege any actionable misrepresentation or omission by Defendant, as the complaint does not identify the alleged defect in Apple Watches, Defendant's knowledge thereof at the time of sale to Plaintiff, or Defendant's intent to deceive Plaintiff or the putative class. Plaintiff's NJCFA claim is also inappropriate to the extent that she purports to represent putative class members who failed to submit warranty claims to Apple before the one-year warranty lapsed. Plaintiff fails to state a claim for breach of express warranty: the operative Limited Warranty warrants only against "defects in materials and workmanship," and Plaintiff asserts defects in neither materials nor workmanship, but rather (if anything) suggests defects in

3

the design of Apple Watches. Plaintiff's breach of warranty claim also necessarily fails to the extent that she purports to assert such claim on behalf of putative class members who did not experience issues with their Apple Watches or, if they did, did not submit warranty claims to Apple prior to the one-year warranty expiring. Plaintiff's implied warranty of merchantability claim fails because Defendant expressly disclaimed this warranty, which it is entitled to do under applicable law (and which Plaintiff does not contest), and Plaintiff does not allege facts showing that her Apple Watch was not fit for its ordinary purpose. Plaintiff lacks standing to assert claims with respect to models of Apple Watches that she did not purchase or use and to seek injunctive relief, and Defendant further denies that certification of any class is appropriate, much less the proposed New Jersey class of all current and former consumer owners of all models and sizes of all Series 1, Series 2, and Series 3 Apple Watches purchased in New Jersey.

3. Have settlement discussions taken place? Yes____ No __X__

    (a) What was plaintiff's last demand?
        (1) Monetary demand:_____
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer? N/A
        (1) Monetary offer: $ _____
        (2) Non-monetary offer: _____

4. The parties [have __X__ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have ____ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    The parties have agreed on a date for the exchange of the disclosures as set forth below.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

    *Plaintiffs*: None.

    *Defendant*: None.

7.     The parties [have \_\_\_\_ have not __X__] conducted discovery other than the above disclosures. If so, describe.

8.     Proposed joint discovery plan:

    (a)     Discovery is needed on the following subjects:

    ***Plaintiffs*** expect that discovery will be needed on the following subjects:

    (i)     Apple's advertising and marketing of the Watch;

    (ii)     The number and scope of sales of the Watch;

    (iii)     Complaints or inquiries to Apple regarding the Watch face and repairs thereto;

    (iv)     Information regarding the design, composition, materials and manufacture of the Watch;

    (v)     Information regarding any testing of the Product and/or lab reports regarding the nature and characteristics of the Watch and breaking of the Watch Face;

    (vi)     Damages.

    ***Defendant*** expects that discovery will be needed on the following subjects:

    (i)     The circumstances of Plaintiff's purchase of her Apple Watch;

    (ii)     Plaintiff's knowledge and reliance on alleged misrepresentations and omissions by Apple regarding the alleged defect(s);

    (iii)     The circumstances of Plaintiff's use of her Apple Watch prior to and after the emergence of the alleged defect(s);

    (iv)     Any repairs or service performed on Plaintiff's Apple Watch;

    (v)     Any extended warranty purchases related to Plaintiff's Apple Watch;

    (vi)     Third-party discovery regarding independent testing of Plaintiff's Apple Watch;

    (vii)     Whether Plaintiff's claims are typical of claims of other members of the proposed class; and

    (viii)     Whether common questions of fact or law predominate over individual inquiries.

(b) Discovery [should \_\_\_\_ should not \_\_\_\_] be conducted in phases or be limited to particular issues. Explain.

*Plaintiffs' position*: Plaintiffs do not believe that bifurcation of discovery between class and merits issues is appropriate. It is Plaintiffs' position that bifurcation of discovery is unwarranted and that class and merits-based discovery should follow the same schedule. Bifurcation is only appropriate in exceptional circumstances, which do not exist here, and Defendant has not met demonstrated a need to depart from the normal course of discovery. Bifurcation will result in a significant duplication of efforts and needless discovery disputes, resulting in inefficient, time-consuming and costly litigation. A bright line between class and merits discovery does not exist, and any distinction between class and merits discovery is arbitrary and will impede an informed judicial assessment of whether class treatment is appropriate.

*Defendant's position*: If the Court finds that Plaintiff is able to state a claim, Defendant believes that discovery should be conducted in two phases. In the first phase, Plaintiff should provide her Apple Watch for inspection by Defendant (where Defendant is willing to meet and confer with Plaintiff regarding an appropriate protocol for the delivery and inspection of the device). Inspection of Plaintiff's Apple Watch will allow Defendant to assess any purported defect and, should one be present, whether such defect is alleged in Plaintiff's complaint. If appropriate (*i.e.*, after inspection, the Parties determine that Plaintiff's Apple Watch suffers from a defect alleged in the complaint), the Parties may enter into fact discovery (the second phase of discovery). Moreover, in her latest filing, Plaintiff now argues that her complaint alleges a specific defect: "a swelling component, the lithium-ion battery." Dkt. 13 at 2. Because Plaintiff limits her claims to a swollen battery, discovery should be so limited.

(c) Proposed schedule:

*Plaintiffs' Proposal*:

a) Fed.R.Civ.P. 26(a)(1) Disclosures due by August 27, 2019;

b) Service of initial written discovery by August 30, 2019;

c) Maximum of 25 interrogatories by each party to the other party;

d) Maximum of 10 depositions taken by each party. [Note: Rule 30(b)(6) deposition counts as one deposition regardless of number of representations proffered.]

e) Non-expert discovery to be completed by April 30, 2020;

f) Initial Expert reports to be completed May 30, 2020;

g) Responsive Expert reports to be completed June 29, 2020;

h) Expert discovery to be completed August 28, 2020;

i) Plaintiff's Motion for Class Certification to be filed September 28, 2020;

j) Defendant's Opposition to Motion for Class Certification to be filed October 30, 2020;

k) Plaintiff's Reply in Support of Motion for Class Certification to be filed December 4, 2020 after completion of expert discovery; and

l) The Parties shall submit a joint filing regarding a proposed trial date and pre-trial deadlines within 14 days of the Court's decision on Plaintiff's Motion for Class Certification.

*___Defendant's Proposal:___*

Apple believes that discovery should be stayed in its entirety until the Court rules on the pending motion to dismiss and submits that it is premature to set a discovery schedule before a decision on its motion to dismiss, which may result in dismissal of all or most of Plaintiff's claims. A stay of discovery is appropriate here, and would promote judicial economy and avoid costly and unnecessary discovery on issues that may be resolved by a ruling on Defendant's motion to dismiss. Indeed, the *Sciacca* court ordered a discovery stay pending a ruling on the motion to dismiss, *Sciacca* Dkt. 32, 58, and Plaintiff has not demonstrated any urgency such that discovery should proceed now with a potentially dispositive motion to dismiss pending before the Court. Defendant respectfully requests that the Court convene an additional case management conference, if needed, to discuss, among other things, a discovery schedule, soon after it rules on Defendant's motion to dismiss.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes __X__ No ____.

If so, please explain.

*___Plaintiffs___*: Depositions of Apple's agents identified in discovery.

*___Defendant___*: Physical inspection and analysis of Plaintiff's Apple Watch.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes ____ No __X__.

7

   If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

     The parties entered into an ESI Stipulation and Order in *Sciacca* and expect to be able to work cooperatively and file that agreement in this Court.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.

     Yes. The parties entered into discovery confidentiality order in *Sciacca* and expect to be able to work cooperatively and file that agreement in this Court.

12. Do you anticipate any discovery problem(s) not listed above? Describe.

   Yes \_\_\_\_\_ No __X__.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

     Not at this time, as the facts need to be developed through discovery. However, the parties believe that private mediation may be appropriate and remain willing to explore that option as the litigation progresses.

14. Is this case appropriate for bifurcation? Yes \_\_\_\_\_ No __X__.

15. We [do \_\_\_\_ do not __X__] consent to the trial being conducted by a Magistrate Judge.

16. Identify any other issues to address at the Rule 16 Scheduling Conference.

   None.

DATED:  August 16, 2019   Respectfully submitted,

          SHEPHERD, FINKELMAN, MILLER & SHAH LLP

         By: */s/ James C. Shah*
           James C. Shah

          James C. Shah
          jshah@sfmslaw.com
          SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

8

        475 White Horse Pike
        Collingswood, NJ 08107
        Telephone: (856) 858-1770

        John F. Edgar
        jfe@edgarlawfirm.com
        Brendan M. McNeal
        bmm@edgarlawfirm.com
        EDGAR LAW FIRM LLC
        2600 Grand Boulevard
        Suite 440
        Kansas City, MO 64108
        Telephone: (816) 531-0033

        Attorneys for Plaintiff KENNETH SCIACCA

DATED: August 16 , 2019        Respectfully submitted,

        WEIL, GOTSHAL & MANGES LLP

        By: */s/ David R. Singh*
            David R. Singh

            Allison M. Brown (Bar No. 44992012)
            Richard Heaslip (Bar No. 140052015)
            WEIL, GOSTHAL & MANGES LLP
            17 Hulfish Street, Suite 201
            Princeton, NJ 08542
            Tel: (609) 986-1100

            David R. Singh (admitted *pro hac vice*)
            Hong-An N.Tran (admitted *pro hac vice*)
            WEIL, GOTSHAL & MANGES LLP
            201 Redwood Shores Parkway, 6th Floor
            Redwood Shores, CA 94065
            Tel: (650) 802-3000

        Attorneys for Defendant APPLE INC.