```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

PRIANO-KEYSER,                       .
                                     .
         Plaintiff,                  .
                                     .  Case No. 19-cv-09162
vs.                                  .
                                     .  Newark, New Jersey
APPLE INC.,                          .  September 26, 2019
                                     .
         Defendant.                  .
                                     .


                   TRANSCRIPT OF RECORDED OPINION
              BY THE HONORABLE MICHAEL A. HAMMER
                 UNITED STATES MAGISTRATE JUDGE


This oral opinion has been reviewed and revised in accordance
with L. Civ. R. 52.1.


APPEARANCES:

For the Plaintiff:      No one was present



For the Defendant:      No one was present




Audio Operator:

Transcription Service:      KING TRANSCRIPTION SERVICES
                            3 South Corporate Drive, Suite 203
                            Riverdale, NJ  07457
                            (973) 237-6080

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

```
 1                    (Commencement of proceedings)
 2
 3          THE COURT:  This is the matter of Priano-Keyser v.
 4   Apple Inc., Civil No. 19-9162.  This matter comes before the
 5   Court on the informal application of Apple to stay discovery
 6   pending the District Court's adjudication of its motion to
 7   dismiss (D.E. 10).
 8          The parties raised the issue in their joint
 9   discovery plan (D.E. 17), and the Court heard argument from
10   the parties during the initial scheduling conference on
11   August 20, 2019, at which time the Court reserved on the
12   issue.  For the reasons set forth in this oral opinion, the
13   Court will grant Defendant's informal application and stay
14   discovery pending adjudication of the motion to dismiss.
15          This is a putative class action complaint against
16   Apple alleging violations of the New Jersey Consumer Fraud
17   Act, N.J.S.A. 56:8-1, et seq., as well as breach of express
18   warranty and breach of implied warranty of merchantability.
19   Plaintiff alleges that the Second Generation (Series 1 and 2)
20   and Third Generation models of the Apple watch contain
21   lithium ion batteries that swelled and caused the watch
22   screen to crack, shatter, or detach.  Complaint, paragraph 3.
23   According to Plaintiff, the watches suffered from one of two
24   things:  (1) "aging or defective L-ion batteries" or (2)
25   "defective mechanisms inside the watches that regulate a
```

1  variety of functions including watch and battery temperature,
2  electric currents, and charging." Complaint, paragraph 46.
3  According to Plaintiff, in either event, the cells within the
4  lithium ion battery fail and expand, asserting pressure on
5  the watch screen.  Id.
6           Plaintiff further alleges that Apple knew of the
7  defect before selling the watches, or learned of the defect
8  from customer complaints soon after it began to sell the
9  Series 1 and 2 watches in September 2016.  Complaint,
10 paragraphs 4-5.  For example, Plaintiff recites postings by
11 dissatisfied customers on Apple community forums on the
12 Internet beginning in August 2016.  Id. paragraph 56.
13 Plaintiff alleges that soon after Apple started selling the
14 Series 3 watch in September 2017, consumers again complained
15 about cracking, shattering, and detaching screens.  Id.
16 paragraph 7.
17          Plaintiff contends that Apple has denied the
18 defect, asserted the defect was caused by the consumer, and
19 has denied the limited warranty.  Id. paragraph 10.  However,
20 Plaintiff nonetheless concedes that Apple acknowledged
21 swelling battery defects in certain Series 1 and 2 watches
22 and extended the limited warranty for those watches from one
23 to three years.  Id. paragraph 6.
24          Defendant Apple Inc. seeks to stay discovery
25 pending adjudication of its motion to dismiss, which is fully

briefed and pending before the District Court.  Apple argues that the United States District Court for the Northern District of California dismissed a closely similar action in Sciacca v. Apple Inc., 362 F. Supp. 3d 787 (N.D. Cal. 2019).  That case similarly involved a putative class action for screen defects in the Apple watch.  The Plaintiff had purchased a Series 2 Apple watch, and when the screen detached from the body, sought warranty service from Apple.  Apple, however, denied coverage under the warranty.  As is true here, the complaint in Sciacca alleged that Apple knew of the defects from consumer complaints posted on Apple's online forums.  The Plaintiff in that action brought claims under the California business and professional code for unlawful business acts and practices ("UCL claims") and a Consumers Legal Remedies Act ("CLRA claims"), as well as breach of warranty.

The District Court in Sciacca held that Federal Rule of Civil Procedure 9(b) applied to the UCL and CLRA claims.  However, the District Court held the complaint in that case did not adequately identify the alleged defect and, therefore, did not adequately plead the alleged misrepresentations that Apple had made to constitute a fraud.  Sciacca, 362 F. Supp. 3d at 797.  The complaint in that case merely stated that the watch screens shattered or cracked, without explaining what had caused that to happen.  Id.

1  (citing amended complaint at paragraphs 3, 43-44).  In fact,
2  the Sciacca Court noted the complaint did not even explain
3  what caused the Plaintiff's own screen to crack.  Id.
4  Because the complaint did not allege that the "cracking,
5  shattering, or detaching is a consequence of any 'systematic
6  design, technical, manufacturing, or other flaw present[,]'"
7  the Court found that the Plaintiff had failed to adequately
8  plead a defect and, therefore, Apple's misrepresentations
9  about it.  Id. at 798 (citation omitted).
10         The Court in Sciacca also found that plaintiff had
11 failed to plead an actionable misrepresentation.  Id.  While
12 Apple had represented the watches as being waterproof and
13 including a bright display, Apple had not represented the
14 watches to be objectively durable.  The Court also determined
15 that Plaintiff has failed to establish Apple's knowledge of
16 the defect.  Therefore, the Court granted the motion to
17 dismiss the UCL and CLRA claims.  The Court also dismissed
18 the breach of warranty claims finding that Plaintiff did not
19 fall within the period for the express warranty.
20         Plaintiff argues that discovery should not be
21 stayed pending the motion to dismiss.  Plaintiff argues that
22 this matter is distinct in that New Jersey law will apply.
23 Moreover, it appears that Plaintiff in this case has more
24 specifically identified the alleged defect.  Paragraph 46 of
25 the complaint in this case alleges that the defect is the

lithium ion battery swelling or expanding, which in turn causes the screens to crack, shatter, or detach from the watch.

Federal Rule of Civil Procedure 26(c) provides that the Court may stay discovery upon a showing of "good cause" by the party requesting the stay. See Gerald Chamales Corp. v. Oki Data Americas Inc., 247 F.R.D. 453, 454 (D.N.J. December 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); Fed. R. Civ. P. 26(c)(1); see also Perelman v. Perelman, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. August 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause'") (citations omitted).

"[M]atters of docket control and conduct of discovery are committed to the sound discretion of the District Court." In re Fine Paper Antitrust Litigation, 685 F.2d 810, 818 (3d Cir. 1982); see also Coyle v. Hormell Brewing Company, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the magistrate judge exercises broad discretion and is entitled to great deference."); Gerald Chamales, 247 F.R.D. at 454 ("Magistrate judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (Citations omitted).

As a general matter, in this District, motions to stay are not favored because "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Coyle, 2009 WL 1652399, at *3 (internal citations and quotation marks omitted).

The Supreme Court has instructed that a court deciding whether to stay proceedings must weigh competing interests and balance the hardships with respect to the movant and nonmovant. Landes v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see also Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties). Courts generally weigh several factors in determining whether to grant a stay, including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party[,]" Cima Labs Inc. v. Actavis Group FH, Nos. 07-8939, 06-1970, 06-1999, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007); (2) whether denying the stay would create "a clear case of hardship or inequity" for the moving party, Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 424 (D.N.J. 2003) (internal citations omitted); (3) "whether a stay would simplify the issues and the trial of the case[,]" Cima Labs, 2007 WL 1672229 at *8; (4) "whether discovery is complete

and/or a trial date has been set." Id.  Additionally, when there is an application to stay discovery pending resolution of a dispositive motion, courts should consider additional factors such as whether disposition of the motion would limit discovery or render it futile, see, e.g., Mann v. Brenner, 375 F.App'x 232, 239 (3d Cir. 2010), and whether the motion appears to have "substantial grounds or stated another way, do[es] not appear to be without foundation in law[.]" Victor v. Huber, No. 12-282, 2012 WL 2564841, at *2 (M.D. Pa. July 20, 2012).

The Court considers these factors in turn.  The first factor -- whether a stay would unduly prejudice or present a clear tactical disadvantage for the nonmoving party -- favors a stay.  Plaintiff has not identified any specific presentation that would arise from a stay.  And if the complaint survives the motion to dismiss, Plaintiff will have a full opportunity to take discovery.  Defendant has been on notice of this litigation at least since it was filed, and, therefore, under Fed. R. Civ. P. 37, the Court does not expect any issue to arise regarding lost or destroyed discovery.

The second factor -- whether a denial of a stay would create hardship or inequities for the moving party -- slightly favors a stay.  This is a putative class action. The complaint does not specify the size of the putative

class, but it purports to include "all residents of New Jersey who are current and former consumer owners of all models and sizes of Series 1, Series 2, and Series 3 Apple watches purchased in New Jersey." See Complaint, paragraph 67. The complaint alleges that Apple began to sell the Series 1 and 2 watches in September 2016, and the Series 3 watch in September 2017. Accordingly, the class might be quite sizable.

Presumably, in discovery, Plaintiff will seek from Apple records pertaining to purchases of the Series 1, 2, and 3 watches in New Jersey, both in order to identify the size of the putative class and putative class members. Additionally, Plaintiff will likely seek discovery pertaining to the design of the Series 1, 2, and 3 watches and the alleged defect. Therefore, it is not unreasonable to expect that the discovery required of Defendant will be substantial.

The Court next must consider whether a stay would simplify the issues in the trial of the case and, relatedly, whether a stay would limit discovery or render it futile.

The Court is persuaded that this factor favors a stay. Apple's motion seeks to dismiss all claims in this case. Even a partial dismissal could simplify the issues remaining in the case and, therefore, narrow the scope of discovery.

Next, the Court must consider whether the

Defendant's motion to dismiss has substantial grounds or is not without foundation in law.  At the outset of the evaluation of this factor, this Court is mindful that the motion to dismiss is not before it.  That is the task of the District Court.  Nonetheless, this Court's review of the motion to dismiss persuades it that it is not without foundation in law.  Plaintiff asserts that unlike <u>Sciacca</u> where California law applied, New Jersey law will apply in this case.  However, the New Jersey Consumer Fraud Protection Act, similar to the UCL, requires that fraud claims be pled with particularity "insofar as practicable."  <u>See</u> N.J. Court Rule 4:5-8.  The Defendant's motion sets forth a substantial argument that the complaint in this case fails to do so.

Defendant also seek dismissal of certain claims based on the fact that although the complaint purports to seek relief for Series 1, 2, and 3 consumers, the Plaintiff Priano-Keyser purchased only a Series 3 watch, thereby raising standing issue for claims asserted on behalf of Series 1 and 2 consumers.

Therefore, while this Court cannot predict the result of the Defendant's motion to dismiss, and nor is it required to do so, the Court is satisfied that the Defendant's motion is not without foundation in law.  Accordingly, this factor favors a stay.

The final factor -- whether discovery is complete

1 or a trial date has been set -- does not apply in this case
2 and, therefore, does not favor either granting or denial of a
3 stay.
4   On balance, then, the applicable factors favor a
5 stay. Accordingly, the Court will stay discovery pending
6 adjudication of the motion to dismiss. Within five days of
7 the ruling, if any claims remain pending, the parties shall
8 submit a revised joint discovery plan.
9   That constitutes the opinion of the Court. An
10 appropriate form of order will issue.
11     (Conclusion of proceedings)

| | |
|---|---|
| 1 | Certification |
| 2 | I, SARA L. KERN, Transcriptionist, do hereby certify |
| 3 | that the 12 pages contained herein constitute a full, true, |
| 4 | and accurate transcript from the official electronic |
| 5 | recording of the proceedings had in the above-entitled |
| 6 | matter; that research was performed on the spelling of proper |
| 7 | names and utilizing the information provided, but that in |
| 8 | many cases the spellings were educated guesses; that the |
| 9 | transcript was prepared by me or under my direction and was |
| 10 | done to the best of my skill and ability. |
| 11 | I further certify that I am in no way related to any of |
| 12 | the parties hereto nor am I in any way interested in the |
| 13 | outcome hereof. |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | s/ *Sara L. Kern*                           ^ Date |
| 19 | Signature of Approved Transcriber           Date |
| 20 | |
| 21 | |
| 22 | Sara L. Kern, CET**D-338<br>King Transcription Services<br>3 South Corporate Drive, Suite 203 |
| 23 | Riverdale, NJ  07457<br>(973) 237-6080 |
| 24 | |
| 25 | |