SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLP
JAMES C. SHAH
NATALIE FINKELMAN BENNETT
475 White Horse Pike
Collingswood, NJ  08107
Telephone: 856/858-1770
Facsimile: 866/300-7367
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

*Attorneys for Plaintiff, Gina Priano-Keyser,*
*On Behalf of Herself and*
*All Others Similarly Situated*

(Additional Counsel on Signature Page)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA PRIANO-KEYSER, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>     Defendant. | Case No.  2:19-cv-09162<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT** |

      Pursuant to Federal Rule of Civil Procedure 26(f); this Court's September 26, 2019 Order (ECF No. 20) entering a discovery stay, but requiring the parties to submit an updated discovery plan within 5 days after entry of a motion to dismiss order; and the Parties' stipulated agreement to extend that deadline an additional 6 days, Plaintiff Gina Priano-Keyser ("Plaintiff") and Defendant Apple Inc. ("Apple" or "Defendant") (collectively, the "Parties"), by and through their

undersigned counsel, jointly submit the following amended joint case management and Fed. R.

Civ. P. 26(f) Report.

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107-1909
Telephone: (856) 858-1770
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
nfinkelman@sfmslaw.com

John F. Edgar
Brendan M. McNeal
EDGAR LAW FIRM LLC
2600 Grand Boulevard
Suite 440
Kansas City, MO  64108
Telephone:  (816) 531-0033
Email:  jfe@edgarlawfirm.com
bmm@edgarlawfirm.com

*Attorneys for Plaintiff,*

David R. Singh (admitted *pro hac vice*)
Hong-An N. Tran (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone:  (650) 802-3000
Email: david.singh@weil.com
an.tran@weil.com

Diane Sullivan (Bar No. 025261987)
Richard Heaslip (Bar No. 140052015)
WEIL, GOSTHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Email: diane.sullivan@weil.com
mailto: richard.heaslip@weil.com

*Attorneys for Defendant*

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff, a New Jersey citizen, asserts that Defendant's Apple Watches, First Generation ("Series 0"), Second Generation ("Series 1" and "Series 2"), and Third Generation ("Series 3") (collectively, the "Watches") contain a common defect, which causes the screens on the Watches to crack, shatter, or detach from the body of the Watches (the "Defect"), through no fault of the wearer, oftentimes only days or weeks after purchase. The Complaint further alleges that Apple, as in the case of Plaintiff, routinely fails to repair the Watches under the terms of its Limited Warranty even when the Watch is presented within the period of the Limited Warranty. Plaintiff and the class asserted claims for violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, breach of its express warranty, breach of the implied warranty of merchantability, and further asserted that Plaintiff has standing to assert her claims for damages and injunctive relief. Plaintiff seeks to represent a New Jersey class of consumers. On December 30, 2019, this Court entered an opinion and order (ECF Nos. 24, 25) granting in part and denying in part the Motion to Dismiss (ECF No. 10)  The Court denied the Motion to Dismiss and sustained the breach of warranty claims for Watches that experience the Defect within the warranty period and granted the Motion to Dismiss without prejudice to Plaintiff's filing of a motion to amend the complaint to provide, *inter alia*, additional allegations of Apple's knowledge of the defect that existed in the Watches at the time of sale.

Defendant maintains that the Court properly dismissed Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") and implied warranty of merchantability claims and that Plaintiff will be unable to prove her sole surviving claim for breach of express warranty. Defendant also denies that certification of any class is appropriate, much less the sweeping class Plaintiff proposes (which includes current and former consumer owners of *all* models and sizes of *all* Series 1, Series 2, and Series 3 Apple Watches purchased in New Jersey regardless of, among other things, whether each putative class member experienced any issues with the display of their Apple Watch or submitted a warranty claim to Apple during the one-year warranty period specified in the Limited Warranty).

On December 30, 2019, this Court entered an opinion and order (ECF Nos. 24, 25) granting in part Defendant's May 17, 2019 Motion to Dismiss (ECF No. 10). The Court dismissed, without prejudice, Count I (NJCFA) and Count III (breach of implied warranty of merchantability). *See id.* at 19. The Court further granted Defendant's motion to dismiss as to Count II (breach of express warranty) to the extent that the claims lie outside of the one-year warranty period specified in the Limited Warranty. *Id.* The Court amended its order on December 31, 2019 (ECF No. 26), providing Plaintiff with 45 days (as opposed to the 30 days specified in the initial order) to file a motion to amend her complaint. *Id.*

3. Have settlement discussions taken place? Yes__X__ No _____

   The parties have engaged in preliminary settlement discussions, but have not yet exchanged formal demands or offers.

   (a) What was plaintiff's last demand? N/A.
       (1) Monetary demand:_____
       (2) Non-monetary demand:_____

   (b) What was defendant's last offer? N/A

    (1) Monetary offer: $ _____
    (2) Non-monetary offer: _____

4. The parties [have _X_ have not ___] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have _X_ have not _ _] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

   *Plaintiff*: None.

   *Defendant*: None.

7. The parties [have ____ have not _X_] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

  (a) Discovery is needed on the following subjects:

  *Plaintiff* expects that discovery will be needed on the following subjects:

   (i) Apple's advertising and marketing of the Watch;

   (ii) The number and scope of sales of the Watch;

   (iii) Plaintiff's interactions with Apple regarding her Apple Watch and the response of Apple to request for repairs from Plaintiff and class members,

   (iv) Complaints or inquiries to Apple regarding the Watch face and repairs thereto;

   (v) Information regarding the number of broken Watch faces that Apple is aware of whether or not it made repairs;

   (vi) Information regarding the number of overheated batteries in the Watch that Apple is aware of whether or not it made repairs;

   (vii) Information regarding the design, composition, materials and manufacture of the Watch;

   (viii) Information regarding any testing of the Product and/or lab reports regarding the nature and characteristics of the Watch and breaking of the Watch Face;

   (ix) Information regarding battery failures;

  (x) Damages.

***Defendant*** expects that fact discovery will be needed on the following subjects:

  (i) The circumstances of Plaintiff's purchase of her Apple Watch;

  (ii) Plaintiff's use of her Apple Watch prior to and after the emergence of the alleged defect(s);

  (iii) The issues Plaintiff allegedly experienced with her Apple Watch and the cause of any issues;

  (iv) Plaintiff's interactions with Apple regarding her Apple Watch, including any discussion or communication regarding the Limited Warranty;

  (v) Whether any of the exclusions in the Limited Warranty apply, including whether there was damage to the Watch resulting from accident or abuse;

  (vi) Any repairs or service performed on Plaintiff's Apple Watch;

  (vii) Any extended warranty purchases related to Plaintiff's Apple Watch;

  (viii) Whether Plaintiff's claims are typical of claims of other members of the proposed class;

  (ix) Whether common questions of fact or law predominate over individual inquiries; and

  (x) Damages, if any, alleged by Plaintiff and any mitigation of such damages.

(b) Discovery [should ____ should not ____] be conducted in phases or be limited to particular issues. Explain.

***Plaintiff's position***: Plaintiff does not believe that bifurcation of discovery between class and merits issues is appropriate. It is Plaintiffs' position that bifurcation of discovery is unwarranted and that class and merits-based discovery should follow the same schedule. Bifurcation is only appropriate in exceptional circumstances, which do not exist here, and Defendant has not met demonstrated a need to depart from the normal course of discovery. Bifurcation will result in a significant duplication of efforts and needless discovery disputes, resulting in inefficient, time-consuming and costly litigation. A bright line between class and merits discovery does not exist, and any distinction between class and merits discovery is arbitrary and will impede an informed judicial assessment of whether class treatment is appropriate.

***Defendant's position***:

In granting Apple's request for a discovery stay, Judge Hammer stated that "[e]ven a partial dismissal could simplify the issues remaining in the case and, therefore, narrow the scope of discovery." *See* Sept. 26, 2019 Tr. of Recorded Opinion at 9:22-24. The ruling on Apple's motion to dismiss did precisely that. While it did not dispose of the case in its entirety, it dismissed two of Plaintiff's three claims. The sole surviving claim is for breach of the applicable express warranty; *i.e.*, the one-year Limited Warranty on Plaintiff's Apple Watch (which covers only defects in "materials and workmanship"). To the extent that Plaintiff intends to file a motion to amend in an attempt to resuscitate the claims dismissed by the Court, a discovery stay should remain in place until the disposition of Plaintiff's motion to amend and, if an amended complaint is permitted, any motion to dismiss Plaintiff's amended complaint, as doing so would both "simplify the issues in the trial of the case" and "limit discovery or render it futile." *See* Sept. 26, 2019 Tr. of Recorded Opinion at 9:18-19.

Once discovery commences, Defendant believes that discovery should be conducted in two phases. Bifurcation of discovery is appropriate where, like here, a narrow and potentially dispositive issue can be resolved at minimal delay and minimal prejudice. *See Loreaux v. ACB Receivables Mgmt., Inc*., No. CIV.A. 14-710 MAS, 2015 WL 5032052, at *4 (D.N.J. 2015) ("bifurcating discovery into two phases will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiffs."); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,* No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *2 (D.N.J. 2014) (same).

In the first phase, the parties should both have the opportunity to conduct a physical inspection of Plaintiff's Apple Watch, and should confer regarding the methodology of that inspection. To survive Apple's motion to dismiss her express warranty claim, Plaintiff alleged that the defect in "materials or workmanship" in her Apple Watch was a purported swollen lithium battery (*see* Pl.'s Mem. of Law in Opp. to Mot. to Dismiss (ECF No. 13) at 21; Dec. 30, 2019 Opinion (ECF No. 26) at 12). Here, inspection of Plaintiff's Apple Watch will allow both parties to determine whether the watch suffered from a swollen battery causing the display to crack. If appropriate (*i.e.*, after the investigation of this potentially dispositive question of fact), the Parties may enter into broader fact discovery (the second phase of discovery) regarding the issue that Plaintiff allegedly experienced and whether the swollen lithium ion battery was the result of a defect in materials or workmanship. Plaintiff should not be permitted to engage in a "fishing expedition" regarding other potential theories.

(c) Proposed schedule:

***Plaintiff's Proposal***:

7

Any further stay would unduly prejudice Plaintiff who is entitled to both a timely and effective resolution of her claims. *Skoorka v. Kean Univ*., No. CV163842KMMAH, 2019 WL 4509294, at *5 (D.N.J. Sept. 19, 2019). Further, allowing Apple to proceed with its request for discovery and inspection of the Watch, while barring Plaintiff from discovery is inherently inequitable and does not comport with the Federal Rules of Civil Procedure. In a similar sitation, where a party convinced a court to issue a stay, except to the extent the court allowed limited discovery to defendant, as requested here, the stay was found contrary to law. *See Sperling v. Hoffmann-La Roche, Inc*., 118 F.R.D. 392, 414 (D.N.J.), *aff'd in part, appeal dismissed in part sub nom. Sperling v. Hoffman-La Roche Inc*., 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded sub nom. Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (both parties deserve, if nothing else, a chance to test the strength of plaintiffs' claims and defendant's defenses through discovery). As such, no stay is appropriate here.

### *Plaintiffs' Proposal*:

i) Service of initial written discovery by January 30, 2019;

ii) Maximum of 25 interrogatories by each party to the other party;

iii) Maximum of 10 depositions taken by each party. [Note: Rule 30(b)(6) deposition counts as one deposition regardless of number of representations proffered.]

iv) Non-expert discovery to be completed by September 30, 2020;

v) Initial Expert reports to be completed October 31, 2020;

vi) Responsive Expert reports to be completed November 30, 2020;

vii) Expert discovery to be completed December 31, 2020;

viii) Plaintiff's Motion for Class Certification to be filed January 31, 2021;

ix) Defendant's Opposition to Motion for Class Certification to be filed February 28, 2021;

x) Plaintiff's Reply in Support of Motion for Class Certification to be filed March 31, 2021; and

xi) The Parties shall submit a joint filing regarding a proposed trial date and pre-trial deadlines within 14 days of the Court's decision on Plaintiff's Motion for Class Certification.

### *Defendant's Proposal:*

As explained above, in the event that Plaintiff elects to file a motion to amend her complaint to attempt to resuscitate the dismissed NJCFA and implied warranty claims, Defendant proposes that the discovery stay be continued until denial of the motion to amend or, if an amended complaint is permitted, a decision on any motion to dismiss Plaintiff's amended complaint. Absent a motion to amend, Defendant proposes the following schedule:

i) Parties to finalize and submit a stipulated protective order by January 31, 2020. Any disagreements stemming therefrom shall be presented to the Court via letter briefing by February 14, 2020.

ii) Parties to confer and agree upon procedures for inspection of Plaintiff's watch by February 29, 2020. Any disagreements stemming therefrom shall be presented to the Court via letter briefing by March 13, 2020;

iii) Inspection of Plaintiffs' watch by both parties to take place by May 29, 2020;

iv) Service of initial written discovery by June 30, 2020, but not before May 29, 2020;

v) Maximum of 25 interrogatories by each party to the other party;

vi) Maximum of 10 depositions taken by each party;

vii) Non-expert discovery to be completed by January 29, 2021;

viii) Initial Expert reports to be completed by March 31, 2021;

ix) Responsive Expert reports to be completed by May 31, 2021;

x) Expert discovery to be completed by July 30, 2021;

xi) Plaintiff's Motion for Class Certification to be filed by August 31, 2021;

xii) Defendant's Opposition to Motion for Class Certification to be filed October 15, 2021;

xiii) Plaintiff's Reply in Support of Motion for Class Certification to be filed November 5, 2021; and

xiv) The Parties shall submit a joint filing regarding a proposed trial date and pre-trial deadlines within 14 days of the Court's decision on Plaintiff's Motion for Class Certification.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes  X  No ____.

    If so, please explain.

    ***Plaintiff***: Depositions of Apple's agents identified in discovery. Joint physical inspection and analysis of Plaintiff's Watch.

    ***Defendant***: Physical inspection and analysis of Plaintiff's Apple Watch.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes _____ No  X .

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    The parties entered into an ESI Stipulation and Order in *Sciacca* and expect to be able to work cooperatively and file that agreement in this Court.

11. Do you anticipate entry of a Discovery Confidentiality Order? *See* L.Civ.R. 5.3(b) and Appendix S.

    Yes. The parties entered into discovery confidentiality order in *Sciacca* and expect to be able to work cooperatively and file that agreement in this Court.

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    Yes _____ No  X .

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Not at this time, as the facts need to be developed through discovery. However, the parties believe that private mediation may be appropriate and remain willing to explore that option as the litigation progresses.

14. Is this case appropriate for bifurcation? Yes _____ No  X .

15. We [do ____ do not  X ] consent to the trial being conducted by a Magistrate Judge.

16. Identify any other issues to address at the Rule 16 Scheduling Conference.

    None.

DATED: January 10, 2020          Respectfully submitted,

          SHEPHERD, FINKELMAN, MILLER & SHAH LLP

          By:  */s/ James C. Shah*
              James C. Shah

James C. Shah
jshah@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107
Telephone: (856) 858-1770

John F. Edgar
jfe@edgarlawfirm.com
Brendan M. McNeal
bmm@edgarlawfirm.com
EDGAR LAW FIRM LLC
2600 Grand Boulevard, Suite 440
Kansas City, MO 64108
Telephone: (816) 531-0033

*Attorneys for Plaintiff Gina Priano-Keyser*

DATED: January 10, 2020          Respectfully submitted,

          WEIL, GOTSHAL & MANGES LLP

          By:  */s/ Diane Sullivan*
              Diane Sullivan

Diane Sullivan (Bar No. 025261987)
Richard Heaslip (Bar No. 140052015)
WEIL, GOSTHAL & MANGES LLP
17 Hulfish Street, Suite 201

Princeton, NJ 08542
Telephone: (609) 986-1100

David R. Singh (admitted *pro hac vice*)
Hong-An N. Tran (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000

*Attorneys for Defendant Apple Inc.*